UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FRANK LAWRENCE                                                                    PLAINTIFF
#07934-20

V.                          No. 4:20-CV-01362-LPR-JTR

KENDRA ROBERTS, APRN,
  Pulaski County Regional Detention Facility, *et al.*                  DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Rudofsky may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

### I. Introduction

Plaintiff, Frank Lawrence ("Lawrence"), a pretrial detainee at the Pulaski County Regional Detention Facility ("PCRDF"), filed a *pro se* § 1983 Complaint

alleging that Defendants violated his constitutional rights. *Doc. 2.* Before Lawrence may proceed with this action, the Court must screen his claims.[1]

## II. Discussion

Lawrence's Complaint contains a one-page Statement of Claim (*Doc. 2 at 5*) in which he alleges that, on July 27, 2020, he attempted to use the handicap shower, but discovered the door was locked. Officer Middleton ("Middleton") told him the shower was broken and directed him to use the non-handicapped shower instead. *Id.* After completing his shower, he slipped on the wet tile and fell, injuring his right hip, knee, ankle and back. *Id.*

After the fall, unidentified PCRDF medical staff placed Lawrence in a wheelchair and transported him to the University of Arkansas for Medical Sciences ("UAMS") emergency room, where x-rays were taken and lab work was performed. *Id.* Those x-rays were negative for any fractures.[2] After returning to PCRDF from UAMS, APRN Roberts prescribed a walker for Lawrence to use to control his fall risk, and refused his request for an MRI. *Id.*

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

[2] According to Lawrence, he later requested Defendant Kendra Roberts, an APRN ("APRN Roberts") to order an MRI "to better show any fractures that x-rays do not show . . . ." *Id.* This makes it clear the x-rays taken at UAMS were all *negative* for any fractures.

Liberally construing Lawrence's Complaint, he alleges that: (1) "Middleton showed willful neglect by suggesting that I use a shower that had no handicapped accommodations;" and (2) APRN Roberts "show[ed] willful indifference" by refusing his request for an MRI to "show any fractures that [the] x-rays do not show," and "by denying my repeated requests for a wheelchair . . . [even though] she knows that I can barely walk without pain." [3] *Id.*

Finally, although Lawrence has named Pulaski County Sheriff Eric Higgins ("Higgins") and Turn Key Medical ("Turn Key"),[4] as Defendants, he has asserted no claims against them.

### A. Lawrence's Claim Against Middleton[5]

"Prison officials violate the Due Process Clause of the Fourteenth Amendment when they show deliberate indifference to a pretrial detainee's objectively serious medical needs." *Ivey v. Audrain County, Missouri*, 968 F.3d 845, 848 (8th Cir. 2020). To state such a claim against Middleton, Lawrence must allege

---

[3] Lawrence also alleges that APRN Roberts "showed willful neglect by not having the medical records from Port St. Lucie . . . Florida . . . [which] indicated the Doctor's diagnosed me to be a fall risk." *Id.* APRN Roberts explicitly recognized that Lawrence was a fall risk by prescribing him a walker to use to control that risk. While Lawrence disagrees with APRN Roberts medical decision that he needed a walker—not a wheelchair to control his "fall risk"—his medical records from Florida would have only confirmed what APRN Roberts had already determined.

[4] Turn Key is the medical provider for PCRDF. APRN Roberts is employed by Turn Key.

[5] Lawrence failed to name Middleton as a Defendant in the case caption. The Clerk of Court is directed to add "Officer Middleton" as one of the named Defendants in this action.

3

facts demonstrating that he had an objectively serious medical need which Middleton knew of and yet deliberately disregarded. *Id.*

Assuming without deciding that Lawrence's "fall risk" is a serious medical need, he does not allege any facts suggesting that Middleton knew about but deliberately disregarded the risk that Lawrence might fall if he used the non-handicapped shower. Lawrence alleges only that, because the handicapped shower was broken, Middleton suggested that Lawrence use the non-handicapped shower. Lawrence elected to follow that suggestion, despite *knowing* that he was a "fall risk" and *knowing* that, if he later fell on the wet tile floor, there would be no handrails to grab to break his fall. While Middleton may have been negligent,[6] in suggesting that Lawrence use the non-handicapped shower, there is *nothing* which indicates Middleton was acting with deliberate indifference to a known risk when he made that suggestion.

---

[6] Merely negligent conduct—even gross negligence—is not enough to hold a defendant liable under § 1983. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (negligent conduct cannot support a § 1983 cause of action); *Davis v. Dorsey,* 167 F.3d 411, 412 (8th Cir. 1999) (pretrial detainee's fall in jail shower after defendants had ignored complaints of standing water amounts to no more than negligence); *Walker v. Reed,* 104 F.3d 156, 157–58 (8th Cir. 1997) (a prisoner's claim that he slipped and fell because of water on the bathroom floor at the Cummins Unit is a claim of negligence which is not actionable under the Fourteenth or Eighth Amendment; case properly dismissed as frivolous).

Accordingly, because Lawrence's allegations fall far short of alleging the facts necessary to support a plausible deliberate indifference claim against Middleton, this claim should be dismissed, without prejudice. *Iqbal*, 556 U.S. at 678.

### B. Lawrence's Inadequate Medical Care Claims Against APRN Roberts

Lawrence alleges that APRN Roberts acted with "willful indifference" when she denied his request for: (1) an MRI, which he subjectively believed might reveal fractures that his x-rays from UAMS showed did not exist; and (2) a wheelchair, rather than the prescribed walker, to control his "fall risk." Both of these claims are based solely on Lawrence, a lay person, having a disagreement with APRN Roberts, a highly trained medical professional, over her *medical decisions* about the care and treatment that was appropriate after his fall.

Under well-established case law, a prisoner cannot state a plausible § 1983 inadequate medical care claim against a doctor or nurse that rests on a disagreement over the medical judgment of his health care provider. *See Barr v. Pearson,* 909 F.3d 919, 921–22 (8th Cir. 2018) (holding that a prisoner's disagreement with the state-contracted health care providers' course of treatment did not to rise to the level of a constitutional violation, noting that "while inmates have a right to adequate medical care, they have no right to receive a particular or requested course of treatment"); *Meuir v. Green Cty. Jail Emps.*, 487 F.3d 1115, 1118–19 (8th Cir. 2007) ("[A] prisoner's mere difference of opinion over matters of expert medical judgment or a

5

course of medical treatment fail[s] to rise to the level of a constitutional violation.") (second alteration in original) (citation omitted); *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985) (ruling that prisoner's mere disagreement with medical treatment provided by prison's medical provider "does not constitute a constitutional violation."); *see also Estelle v. Gamble*, 429 U.S. 97, 107 (1976) ("[T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like [diagnostic] measures, does not represent cruel and unusual punishment. At most it is medical malpractice[.]").

Accordingly, Lawrence's inadequate medical care claims against APRN Roberts should be dismissed, without prejudice.

### C. Higgins and Turn Key Are Not Proper Parties to This Action

While he named Higgins and Turn Key as Defendants, Lawrence has asserted no claims of any kind against them. Accordingly, both of those Defendants should be dismissed, without prejudice. *See Iqbal*, 556 U.S. at 676 (explaining that, to state a viable § 1983 claim, a prisoner *"*must plead that each . . . defendant, through the official's own individual actions, has violated the Constitution").

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. All of Lawrence's claims against Middleton and APRN Roberts be DISMISSED, without prejudice.

2. Higgins and Turn Key be DISMISSED, without prejudice.

3. This Dismissal count as a "STRIKE" pursuant to 28 U.S.C. § 1915(g).

4. The Court CERTIFY that an *in forma pauperis* appeal from the Order adopting this Recommendation would not be taken in good faith under 28 U.S.C. § 1915(a)(3).

DATED this 24th day of June, 2021.

_____
UNITED STATES MAGISTRATE JUDGE